IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Curtis R. Davis, Jr., | No. CV-13-2338-PHX-ROS (JZB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES SENIOR DISTRICT JUDGE:

Petitioner Curtis R. Davis, Jr., who is confined in the Arizona State Prison, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1.)

**I.   SUMMARY OF CONCLUSION**

Petitioner's convictions became final on January 11, 1996. The deadline to file this habeas petition was April 24, 1997. Petitioner did not begin habeas proceedings until March 26, 2013. This petition is untimely and there is no evidence to suggest the untimeliness should be excused. Petitioner's reliance on *Martinez v. Ryan*, 132 S. Ct. 1376 (2012) is unavailing because *Martinez* does not excuse untimeliness.

Petitioner also admits he has procedurally defaulted. He cannot establish (and does not argue) cause and prejudice to excuse the default. Petitioner's procedural default argument under *Martinez* also fails for the same reasons, mutatis mutandis, as his

untimeliness argument: there is no justification for Petitioner's default and filing of the petition more than 15 years after it was due. Petitioner further fails to establish a reasonable probability he would have taken a 14-year plea offer when he told the sentencing court that "I am innocent…and will remain adamant in this all the way to the end." (Doc. 8, Exh. T at 10.)  For the reasons that follow, the Court concludes that Petitioner's claims are untimely, procedurally barred from review, and fail on their merits. Therefore, the Court will recommend that the petition be denied.

## II.   BACKGROUND

### A. FACTUAL BACKGROUND AND TRIAL PROCEEDINGS

In disposing of Petitioner's direct appeal, the Arizona Court of Appeals summarized the facts and procedural history as follows:

> Defendant was indicted on fourteen counts of child molestation, class two dangerous felonies, and one count of sexual abuse, a class three dangerous felony. The indictment involved six victims. Pursuant to the state's motions, the count for sexual abuse (count three) was dismissed prior to trial and two counts of child molestation (counts eight and nine) were dismissed during trial. One count of child molestation (count fifteen) was dismissed by the court pursuant to Defendant's Motion for Judgment of Acquittal Before the Verdict. The jury found Defendant guilty on the remaining eleven counts of child molestation, involving five victims. Defendant received a mitigated sentence of twelve years imprisonment on each count, each count to be served consecutively to the others.

(Doc. 8, Exh. A.)[1]

Petitioner appealed. (*Id.*)

### B. PROCEEDINGS ON DIRECT APPEAL

In a timely direct appeal, Petitioner raised four issues: indictment duplicity, denial of severance, prosecutorial misconduct, and sufficiency of the evidence. (*Id.*) The Arizona Court of Appeals affirmed Petitioner's convictions and sentences on December 12, 1995. (*Id.*) Petitioner did not petition the Arizona Supreme Court for discretionary

---

[1] Five pages of detailed facts that are contained in the appellate decision are not recounted here.

review. (*Id.*)

**C.  FIRST PETITION FOR POST-CONVICTION RELIEF**

On April 15, 1998, Petitioner filed a Notice of Post-Conviction Relief ("PCR"). (Doc. 8, Exh. B at 1.) On April 29, 1998, the trial court dismissed the notice of PCR as "clearly untimely." (Doc. 8, Exh. C.) Petitioner appealed, and the Arizona Court of Appeals reinstated the notice because the dismissal was premature. (Doc. 8, Exh. E.) On December 18, 2000, counsel appointed for Petitioner filed a Notice of Completion of Post-Conviction Review. Counsel advised the trial court that "counsel is unable to find any claims for relief to raise in post-conviction relief proceedings." (Doc. 8, Exh. F at 1-2.)

On April 11, 2001, Petitioner filed a partially complete pro se PCR petition (Doc. 8, Exh. G), which was followed by a completed petition filed on April 27, 2001 (Doc. 8, Exh. H). He raised three issues: (1) his appeal should be reinstated so that he could petition the Arizona Supreme Court for review, (2) both trial and appellate counsel were ineffective, and (3) trial counsel was ineffective by advising Petitioner to reject the State's plea offers. (*See* Doc. 8, Exh. G at 2–8; Exh. H at 2–12.) For the third issue, Petitioner alleged: "My defense attorney advised me to reject the State's proffered plea bargains because of his skill as an attorney. He provided me this advice without even asking me about the events that transpired or asking me to explain the circumstances that the State alleged to exist." (Doc. 8, Exh. H, Attch. C at 1.)

The trial court denied Petitioner's petition. (Doc. 8, Exh. I at 2.) The trial court wrote, in part:

> The convictions were affirmed in 1996. Mr. Davis filed a Notice of Post-Conviction Relief in 1998…. The Petition for Post-Conviction Relief is not timely, and there is no mention as to why there was a delay of over two years in filing the Petition for Post-Conviction Relief.
>
> The petition merely states generalization on the ineffective assistance of counsel claims. For example, it mentions plea agreements, but not one fact about the plea offer or one fact about the alleged inadequate advice. The Court cannot speculate.

> There is nothing in the Petition for Post-Conviction Relief to indicate that defense counsel's performance was unreasonable or that there is a reasonable probability that, but for counsel's alleged unreasonable conduct, the result or outcome would be different.

(Doc. 8, Exh. A.)

Petitioner unsuccessfully petitioned both the Arizona Court of Appeals (November 27, 2002) and the Arizona Supreme Court (May 20, 2003) for discretionary review. (Doc. 8, Exhs. J–M.)

**D. SECOND PETITION FOR POST-CONVICTION RELIEF**

On November 3, 2011, Petitioner filed a second PCR petition, alleging ineffective assistance of counsel relating to advice regarding his plea offer. In this second petition, Petitioner wrote:

> In April 1993 Attorney Neal Bassatt advised defendant not to accept a plea agreement for 14 years flat (see attached affidavits of petitioner and his parents). Attorney Bassatt simply stated not to accept the plea; he failed to explain the facts of a refusal, and the results of a conviction at trial. Petitioner's trial counsel Lawrence Kazen failed to advise him about the 14 year plea agreement or the fact that a loss at trial would result in a sentence in excess of 100 years. Therefore, defendant's sentence should be set aside, and the plea should be pro-offered to the defendant.

(Doc. 8, Exh. N at 21.)

The trial court dismissed Petitioner's second petition on November 29, 2011, finding it "successive and untimely filed." (Doc. 8, Exh. O at 1.) The court additionally found:

> Review of the Petition reveals that Defendant's claims mirror those raised in his initial petition for post-conviction relief, and further that Defendant has lifted, verbatim, large swaths of the original petition and has incorporated them into his current petition. In view of the fact that such claims were previously raised and dismissed, the Court will not entertain them again.

(Doc. 8, Exh. O at 2.)

## E. THIRD PETITION FOR POST-CONVICTION RELIEF

On May 11, 2012, Petitioner filed a third PCR petition, alleging that *Martinez*, *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), created a significant change in the law that entitled Petitioner to relief under his plea agreement claim. (Doc. 8, Exh. P at 1; Exh. Q at 1.) Subsequently, the court ruled that "Contrary to Defendant's claim, *Frye* and *Cooper* did not change the law concerning effective assistance of counsel; they merely applied the right to counsel in a factual context. Therefore, *Frye* and *Cooper* are not changes in the law that would apply to defendant's case." (Doc. 8, Exh. R at 1.) The court fu rther held that "Defendant fail[ed] to state a claim for which relief may be granted in an untimely and successive Rule 32 proceeding." (*Id.*)

## F. FEDERAL PETITION FOR WRIT OF HABEAS CORPUS

Petitioner filed his first habeas corpus petition on March 26, 2013, asserting an ineffective assistance claim regarding the pretrial plea offer. *Davis v. Ryan*, CIV 13-614-PHX-ROS (LOA). After Respondents filed a limited answer, Petitioner moved to dismiss his petition without prejudice. The motion was granted.

Petitioner filed this habeas corpus petition on November 14, 2013. (Doc. 1.) He alleges one count of ineffective assistance of counsel during plea negotiations and during the PCR proceedings. (Doc. 1 at 6.) He cites *Martinez* to excuse his procedural default. (Doc. 1 at 6, 11; Doc. 2 at 5–7.) Petitioner alleges the following facts:

> Petitioner's attorney Neal Bassatt, presented the Petitioner with the State's offer in "April or May of 1993." Exhibit A, Affidavit of Curtis R. Davis Jr., at 1. Mr. Bassatt failed to explain the offer, the rights Petitioner would surrender, and the adviseability of accepting the offer compared to his chances at trial on emotionally charge sex offenses.
>
> After a hearing on an unrelated issue, Mr. Bassatt produced a piece of paper and stated to the Petitioner, "The prosecutor is offering you a plea deal. It is for 14 years flat and lifetime probation. I recommend that you don't take it as she doesn't want to take this to trial and she will come back with something better. She doesn't want to drag this kid and her family through a trial." (Exhibit A, at 2-3.)

5

> Because of Mr. Bassatt's recommendation and advice that the prosecutor would "come back with something better," Petitioner was unduly influenced; and believed Mr. Bassatt's assertion of the prosecutor not wanting to go to trial, Petitioner rejected the plea.
>
> Subsequent investigation by the State revealed more alleged victims and resulted in additional charges being added. Petitioner was convicted, after a trial, on 11 of 14 Counts of Molestation of a Child, on March 1, 1994.

(Doc. 2 at 2.)

Respondent filed a limited answer on April 18, 2014. (Doc. 8.) Respondent asserted that the petition was untimely, procedurally barred, and failed on the merits. (*Id*.)

Petitioner filed a reply on May 2, 2014. (Doc. 9.) Petitioner conceded "he is procedurally defaulted and he is beyond time frames of the AEDPA" and "is not entitled to statutory or equitable tolling." (*Id*. at 1-2.) Petitioner reasserted that he "relies upon a showing of an IAC claim" to "excuse any procedural bar" under the holding of *Martinez*. (*Id*. at 2.)

### III. APPLICATION OF LAW

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[2] 28 U.S.C. § 2244.

#### A. THE PETITION IS UNTIMELY.

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners whose convictions were final prior to

---

[2] The AEDPA applies only to those cases that were filed after its effective date, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

the effective date of the AEDPA. *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of habeas corpus in federal court. *Patterson v. Stewart,* 251 F.3d 1243, 1245 (9th Cir. 2001).

Here, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences on December 12, 1995. (Doc. 8, Exh. A at 1.) Petitioner then had 30 days to file a petition for discretionary review with the Arizona Supreme Court. Ariz. R. Crim. P. 31.19(a) ("Within 30 days after the Court of Appeals issues its decision, any party may file a petition for review with the clerk of the Supreme Court . . . ."). Because Petitioner did not do so, the judgment became final on January 11, 1996. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 656 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires . . . ."). The mandate issued on January 30, 1996. (Doc. 8, Exh. A at 1.) Petitioner's conviction was final before the AEDPA's effective date, which was April 24, 1996. As a result, Petitioner had until April 24, 1997, to file a habeas petition in federal court or toll the limitations period with a properly filed PCR petition. *See Patterson*, 251 F.3d at 1246. Petitioner filed his first habeas petition on March 26, 2013. Absent tolling, Petitioner's habeas petition is untimely.[3]

Petitioner's state post-conviction motions did not toll his time to file a federal habeas petition because they were all untimely. The one-year deadline to file a federal habeas will be tolled while "a properly filed application for State post-conviction . . . review . . . is pending." 28 U.S.C. § 2244(d)(2). Petitioner, however, never filed a timely post-conviction motion in state court. Petitioner filed his first notice of state PCR on April 15, 1998. (Doc. 8, Exh. B at 1.) The trial court denied Petitioner's petition, finding

---

[3] As noted previously, Petitioner repeatedly concedes that his petition is untimely. "Petitioner is inarguably in procedural default pursuant to AEDPA and is not entitled to statutory or equitable tolling to extend such time limit." (Doc. 2 at 4.) "Petitioner has conceded he is procedurally defaulted and he is beyond time frames of the AEDPA. He is not entitled to statutory or equitable tolling." (Doc. 9 at 1.)

7


Case 2:13-cv-02338-ROS   Document 12   Filed 12/18/14   Page 8 of 18

it "is not timely, and there is no mention as to why there was a delay of over two years in filing the Petition for Post-Conviction Relief." (Doc. 8, Exh. I at 1.) The untimely state petitions do not toll Petitioner's deadline because his untimely petitions are not "properly filed." *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Petitioner does not assert grounds for equitable tolling, nor can the Court find tolling in the record. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). The petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Again, Petitioner does not argue for equitable tolling.

Petitioner also does not argue for statutory tolling under § 2244(d)(2) and he concedes that this habeas petition is untimely. Petitioner instead "relies upon a showing of an IAC claim" to "excuse any procedural bar" under the holding of *Martinez*. (Doc. 9, at 2.) Petitioner's citation to *Martinez* is unavailing for tolling.

In *Martinez*, the Supreme Court recognized a narrow means by which a prisoner can show "cause" to excuse a state procedural default of a claim based upon alleged ineffective assistance of counsel at trial. *See Martinez*, 132 S.Ct. at 1315. The Ninth Circuit extended the holding in *Martinez* to apply to procedurally defaulted claims of ineffective assistance of appellate counsel. *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1294–95 (9th Cir.2013). In *Martinez*, the Court created a narrow exception to the well-established rule in *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) that ineffective assistance of counsel during state post-conviction proceedings cannot serve as cause to


8

excuse the procedural default of an ineffective assistance of counsel claim. Under *Martinez*, a petitioner may establish cause for the procedural default of a claim of ineffective assistance of trial counsel by demonstrating two things: (1) "counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)," and (2) "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (quoting *Martinez*, 132 S.Ct. at 1318).

*Martinez* does not address or create an exception to the AEDPA statute of limitations. Federal courts have consistently rejected the argument that *Martinez* provides relief for time-barred petitions in the form of equitable tolling of the statute of limitations. *See Chavez v. Sec'y, Fla. Dep't Corr.,* 742 F.3d 940, 945 (11th Cir. 2014) ("Chavez's initial § 2254 petition was dismissed as untimely because it was filed more than one year after his convictions became final on direct review, see 28 U.S.C. § 2244(d)(1)(A), and nothing in *Martinez* alters that fact."); *Manning v. Epps*, 688 F.3d 177, 189 (5th Cir. 2012) (*Martinez* does not extend statute of limitations period under 28 U.S.C. § 2244(d)(1)(B)). *See also, Madueno v. Ryan*, No. CV-13-01382-PHX-SRB, 2014 WL 2094189, at *7 (D.Ariz. May 20, 2014) ("*Martinez* has no application to the statute of limitations in the AEDPA which governs Petitioner's filing in federal court."); *Wheelwright v. Wofford*, No. 2:13–cv–0787 GGH (HC), 2014 WL 3851155 at *3 (E.D. Cal. Aug. 5, 2014) ("Although the rule in *Martinez* is an equitable one, it applied only to procedural default issues and does not apply to equitable tolling principles pertinent to the AEDPA limitations issue."); *Perry v. Uribe*, No. SACV 11–0692 RGK (RNB), 2014 WL 4463120 at *3 (C.D. Cal. July 24, 2014) ("*Martinez* dealt solely with the state procedural default doctrine, which is entirely different from the issue presented here of whether Petitioner herein (including the ineffective assistance of trial counsel claim alleged in Ground 2) was time barred under the AEDPA statute of limitations."); *White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) (the adequacy analysis used to decide

procedural default issues is inapplicable to the determination of whether a federal habeas petition was barred by the AEDPA statute of limitations). Consequently, regardless of the merits of Petitioner's procedural default argument, his petition must be dismissed because it is time barred.

### B. THE PETITION IS PROCEDURALLY BARRED.

Petitioner's claim was barred on independent and adequate state procedural grounds. Petitioner argues no cause and prejudice to excuse this default.

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court... thereby alerting that court to the federal nature of the claim").

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *See Baldwin*, 541 U.S. at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief ... that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 31–32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum ... (2) through the proper vehicle, ... and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir.2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178

(2001); *Coleman*, 501 U.S. at 731. Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman*, 501 at 731-32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297–99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir.2002). If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n. 1.

Second, and applicable here, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See Beard v. Kindler*, 558 U.S. 53, 59 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731–32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed,* 489 U.S. 255, 260 (1989).

A state procedural ruling is "independent" if the application of the bar does not depend on an antecedent ruling on the merits of the federal claim. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74–75 (1985). A state court's application of the procedural bar is "adequate" if it is "strictly or regularly followed." *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir.1994). If the state court occasionally excuses non-compliance with a procedural rule, that does not render its procedural bar inadequate. *See Dugger v. Adams*, 489 U.S. 401, 410–12 n. 6 (1989). "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is

respected in all federal habeas cases." *Coleman*, 501 U.S. at 732. Although a procedurally barred claim has been exhausted, as a matter of comity, the federal court will decline to consider the merits of that claim. *See id.* at 729–32.

A procedurally defaulted claim may not be barred from federal review, however, "if the petitioner can demonstrate either (1) 'cause for the default and actual prejudice as a result of the alleged violation of federal law,' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Jones*, 691 F.3d at 1101 (quoting *Coleman*, 501 U.S. at 732. *See also Boyd v. Thompson*, 147 F.3d 1124, 1126-27 (9th Cir. 1998) (the cause and prejudice standard applies to *pro se* petitioners as well as to those represented by counsel). To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Cook*, 538 F.3d at 1027 (quoting *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). "Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1996). Where a petitioner fails to establish either cause or prejudice, the court need not reach the other requirement. *See Hiivala v. Wood*, 195 F.3d 1098, 1105 n.6 (9th Cir. 1999); *Cook*, 538 F.3d at 1028 fn. 13. Lastly, "[t]o qualify for the 'fundamental miscarriage of justice' exception to the procedural default rule" a petitioner "must show that a constitutional violation has 'probably resulted' in the conviction when he was 'actually innocent' of the offense." *Cook*, 538 F.3d at 1028 (quoting *Murray*, 477 U.S. at 496). *See Schlup v. Delo*, 513 U.S. 298, 329 (1995) (petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory

scientific evidence, trustworthy eye-witness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324.

### 1. Petitioner's claims are procedurally barred.

A claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See Beard*, 558 U.S. at 60. "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731–32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). Here, the state court found that Petitioner's first PCR was "not timely, and there is no mention as to why there was a delay of over two years in filing the Petition for Post-Conviction Relief." (Doc. 8, Exh. I.)  The state court found the second and third PCR petitions were both untimely and successive. (Doc. 8, Exhs. O, R.) Therefore, Petitioner's claim is procedurally barred. *See Martinez–Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir.1996) (petitioner failed to offer any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as such] there is no basis on which to address the merits of his claims.").

### 2. Petitioner cannot establish ineffective assistance of counsel.

Under AEDPA, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits[4] in State court proceedings" unless it:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

---

[4] The phrase "adjudicated on the merits" refers to a decision resolving a party's claim which is based on the substance of the claim rather than on a procedural or other non-substantive ground. *Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004).

13

the State court proceeding.

28 U.S.C. § 2254(d). In applying these standards, the federal habeas court reviews "the last reasoned state court decision addressing the claim in question." *Henry v. Ryan*, 720 F.3d 1073, 1078 (9th Cir. 2013); *Barker v. Fleming*, 423 F.3d 1085, 1091–92 (9th Cir. 2005). "Where a state court's decision is unaccompanied by an explanation," the petitioner bears the burden to show that "there was no reasonable basis for the state court to deny relief" under 28 U.S.C. § 2254(d). *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 784 (2011). *See also Johnson v. Williams*, __ U.S. __, 133 S.Ct. 1088, 1096 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted.").

Petitioner does not satisfy his burden to establish an ineffective assistance of counsel claim. *See* 28 U.S.C. § 2254(b)(2); *Henry*, 720 F.3d at 1084 (court may deny a habeas claim on the merits, even if petitioner failed to exhaust state remedies); *Runningeagle v. Ryan*, 686 F.3d 758, 777 fn. 10 (9th Cir. 2012); *Simmons v. Blodgett*, 110 F.3d 39, 41 (9th Cir. 1997) (exhaustion is not jurisdictional). The trial court, in its opinion denying the first PCR petition wrote that "[t]here is nothing in the Petition for Post-Conviction Relief to indicate that defense counsel's performance was unreasonable or that there is a reasonable probability that, but for counsel's alleged unreasonable conduct, the result or outcome would be different." (Doc. 8, Exh. I, at 1-2.) Petitioner has not demonstrated that the decision of the state court was contrary to clearly established federal law, was based on an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts considering the evidence presented in state court.

To prevail on an ineffective assistance of counsel claim under § 2254(d)(1), a petitioner must show that "the state-court decision unreasonably applied the more general standard for ineffective-assistance-of-counsel claims established by" *Strickland v. Washington*, 466 U.S. 668 (1984). *Saesee v. McDonald*, 725 F.3d 1045, 1048 (9th Cir.

14

2013). Under *Strickland*, a petitioner must show: (1) deficient performance, in that counsel's representation fell below an objective standard of reasonableness; and (2) prejudice, in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-88. A defendant has the right to effective assistance of counsel when considering whether to accept or reject a plea offer. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (holding that the same two-part standard announced in *Strickland* is applicable to ineffective-assistance claims arising out of the plea process."). Where a petitioner alleges that counsel's ineffective performance led to the rejection of a plea offer, he "must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 132 S.Ct. at 1385.

Petitioner has not met his burden to show that there was no reasonable basis for the state court to deny relief based on this claim. *See Harrington*, 131 S.Ct. at 784. In his habeas petition, Petitioner avers that "had counsel properly informed him of the possibility of additional charges being lodged and that the conviction rate at trial is high for sexually-based cases, he would have accepted the plea." (Doc. 1 at 7.) The record does not demonstrate, however, that there is a reasonable probability Petitioner would have accepted the 14-year plea offer he affirmatively rejected. First, Petitioner denied his guilt at sentencing when he told the court that "I still say I'm not guilty."[5] He added that

---

[5] At sentencing (Doc. 8, Exh. T at 10-11), Petitioner made the following statement to the trial court:

> I still remain—I still say I'm not guilty. As far as the plea agreements go, I was offered two plea agreements and I was told by a previous attorney not to take those agreements. And that was on his accord and not mine. He adamantly told me not [to] take them based on the opinion that he thought

15

he "may have gone ahead and taken one of those agreements, not necessarily stating that I'm guilty of these things…." (Exh T, at 10-11.)  Petitioner's statements do not establish a reasonable probability that Petitioner would (rather than may) have admitted his guilt.  Importantly, Defendant also told the court at sentencing that "I am innocent" and "I will remain adamant in this all the way to the end."  (Doc. 8, Exh. T, at 10.) *See Smith v. United States*, 348 F.3d 545, 552 (6th Cir.2003) (stating that, although not dispositive, "[p]rotestations of innocence throughout trial are properly a factor" in determining whether a defendant would have accepted a plea agreement).

Second, Petitioner's statements at sentencing reflect that he was aware of two plea offers by the state and that he rejected both. The first offer required a term of two years imprisonment.[6]  The "second plea" offer required a term of 14 years imprisonment. (Doc. 9 at 4.)   The record does not reflect that Petitioner would have accepted a 14-year plea offer when he previously rejected a two-year offer.  Petitioner was obligated to show both deficient performance and prejudice. In the context of a rejected plea offer, the latter requires a showing of a reasonable probability that but for the deficient performance "he would have accepted the plea offer." *Nunes v. Mueller*, 350 F.3d 1045, 1054 (9th Cir.2003).  Petitioner has not satisfied this burden.  Undoubtedly, Petitioner would prefer a lesser sentence than the one he received, and he may have achieved that had he

---

> if I did take the plea agreement, then the prosecution would come back with a lighter sentence or something different. Modified position.
>
> And that's exactly what he told me. If I had known differently at the time, I may have gone ahead and taken one of those agreement[s], not necessarily stating that I'm guilty of these things but stating the fact to get this out of the court system and so that everyone would not have to face what everyone's had to face during these proceedings.

[6] In his Reply, Petitioner asserts that counsel "failed to inform the Petitioner of a plea offer by the State of two (2) years incarceration." (Doc. 9 at 4.) First, this acknowledgement is sufficient to establish that a two-year offer was conveyed. Second, Petitioner's statement at sentencing demonstrates that he affirmatively rejected both offers.  He stated that "I was offered two plea agreements and was told by a previous attorney not to take those plea agreements." The prosecutor's statement that "the State could not offer any plea agreement with a stipulation to probation" is also consistent with Petitioner affirmatively rejecting prior offers rather than being unaware of one of them.

accepted a plea offer instead of going to trial. Nonetheless, Petitioner has not satisfied his burden to establish ineffective assistance of counsel.

## CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011)*; Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010). Based on the above analysis, the Court finds that Petitioner's claims are untimely, procedurally barred from review, and Petitioner has not satisfied the burden to establish ineffective assistance of counsel. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114,

1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 18th day of December, 2014.

Honorable John Z. Boyle
United States Magistrate Judge