IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Curtis R. Davis,<br><br>             Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>             Respondents. | No. CV-13-02338-PHX-ROS<br><br>**ORDER** |

      Magistrate Judge John Z. Boyle issued a Report and Recommendation ("R&R") concluding the claims in Curtis R. Davis's petition "are untimely, procedurally barred from review, and fail on their merits." (Doc. 12 at 2). Davis filed objections. Because the one-year statute of limitations bars the petition, the conclusion regarding timeliness will be adopted. The Court need not reach the other reasons set forth in the R&R.

**BACKGROUND**

      Davis does not object to the factual background set forth in the R&R. Therefore, that background will be adopted in full. In brief, Davis's convictions for child molestation became final on January 11, 1996. Davis did not seek further relief regarding those convictions until April 15, 1998, when he filed a Notice of Post-Conviction Relief in Maricopa County Superior Court. After a variety of procedural complications, the Superior Court denied post-conviction relief in October 2001. In doing so, the Superior Court concluded the petition for post-conviction relief was "not timely" and "[e]ven if it were timely, the petition fail[ed] to establish any claim for post-conviction relief." (Doc.

8-2 at 45). In late 2002 and early 2003, the Arizona Court of Appeals and the Arizona Supreme Court denied review. Davis then waited eight years before filing a second petition for post-conviction relief in November 2011. That petition was dismissed on November 23, 2011 as "successive and untimely." (Doc. 8-4 at 2). In May 2012, Davis filed a third petition in state court. In December 2012, that petition was also dismissed as successive and untimely. (Doc. 8-4 at 27).

On March 26, 2013—over fifteen years after his convictions became final—Davis filed his first federal petition. Based on Davis's request, that petition was dismissed without prejudice shortly after filing. On November 14, 2013, Davis filed the current petition seeking relief based on alleged ineffective assistance of counsel during pretrial plea negotiations and initial collateral review. (Doc. 1 at 6). Respondents filed a limited answer, asserting the petition was untimely and, even if timely, Davis had not exhausted his claims. The Magistrate Judge agreed with Respondents and recommended the petition be dismissed with prejudice.

## ANALYSIS

**I. Standard of Review**

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court must review de novo the portions to which an objection is made. *Id.* The district court need not, however, review the portions to which no objection is made. *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[D]*e novo* review of factual and legal issues is required if objections are made, but not otherwise.") (quotation marks and citation omitted).

**II. The Petition is Not Timely**

Based on when his convictions became final, and the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Davis had until April 27, 1997 to file his federal petition. Davis did not file his petition until November 14, 2013. Therefore, the petition is untimely unless some form of tolling applies.

Under statutory tolling, the deadline for Davis to file his petition was tolled "while a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim [was] pending." *Pace v. Diguglielmo*, 544 U.S. 408, 410 (2005) (quotation omitted). Davis's convictions became final on January 11, 1996 and he did not file any state application for post-conviction relief until April 15, 1998. Thus, the April 27, 1997 deadline passed before Davis even filed his first state petition. And the filing of that state petition *after* the federal limitations period ran did not revive the federal limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, the Magistrate Judge correctly concluded Davis is not entitled to statutory tolling.

The other form of tolling potentially applicable is equitable tolling. "Equitable tolling is available to a habeas petitioner if (1) the petitioner pursued his rights diligently, and (2) an extraordinary circumstance prevented timely filing." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014). It is exceptionally difficult to establish equitable tolling. *Id.* Here, the Magistrate Judge correctly concluded Davis has not presented any plausible basis for finding equitable tolling. Rather than pursuing his rights diligently, Davis appears to have taken very little action over the past seventeen years to pursue his federal claims. Davis waited two years to file his first state petition and then eight years after denial of that first petition to file his second state petition. Davis did not file this federal petition until his convictions had been final for over fifteen years. Davis has not identified any circumstances that prevented him from pursuing his claims *much* more diligently. Therefore, Davis is not entitled to equitable tolling.

Instead of directly arguing statutory or equitable tolling, Davis argues the Court should rely on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) "to excuse procedural default" and reach the merits of his claims. Davis is correct that *Martinez* recognized an "equitable excuse for procedural default." *Gray v. Barnhart*, 2013 WL 1881258, at *4 (D. Me. April 4, 2013). But *Martinez* "does not provide a time-bar excuse." *Id.* In other words, procedural default and compliance with the federal statute of limitations are two

distinct inquiries.  If the current petition were timely, *Martinez* might apply such that the Court could reach procedurally defaulted claims.  But *Martinez* cannot be used to overcome missing the statute of limitations by over fifteen years.  Given that the petition is clearly time-barred, there is no need to reach the alternative grounds set forth in the R&R for rejecting the petition.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 12) is **ACCEPTED IN PART** and the Clerk of Court is directed to enter a judgment **DISMISSING WITH PREJUDICE** the Petition for Writ of Habeas Corpus (Doc. 1).

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 23rd day of January, 2015.

Honorable Roslyn O. Silver
Senior United States District Judge